IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ISMAEL COBOS BAUTISTA,

                    Plaintiff,

vs.                                        Case No. 22-3065-SAC

USP LEAVENWORTH MEDICAL STAFF,
et al.,

                    Defendants.


**O R D E R**

Plaintiff, pro se, has filed this action on forms for bringing a civil rights complaint under 28 U.S.C. § 1331.  Plaintiff is a federal inmate at USP Leavenworth. Plaintiff alleges deliberate indifference to his medical needs.   The complaint mentions 28 U.S.C. § 1983.[1]  It does not appear that § 1983 is applicable to plaintiff's claims, however, because plaintiff does not allege facts, as opposed to conclusionary statements, indicating that any person acted under the authority of state law.  This case is before the court for the purposes of an initial screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

---

[1] Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

I. Screening standards

Section 1915A requires the court to screen complaints filed by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity.  The court is to dismiss a case or portions thereof if the court determines that a claim is frivolous or malicious or fails to state a claim on which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant must follow the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  The court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a pro se] plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court

may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

Liability also depends upon on an individual defendant's personal involvement in the constitutional violation. Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted). It is "particularly important" that plaintiff make clear in the complaint "exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations" that "defendants" violated plaintiff's rights. Id. at 1225-26.

II. The complaint

Briefly stated, the complaint alleges that on March 24,2022 plaintiff fractured or dislocated his ankle and that it became severely swollen and painful. Plaintiff states that he received some medical treatment soon after the injury, but that thereafter he went days at the time without pain medication or followup care. On March 30, 2022, plaintiff alleges that Warden Hudson saw plaintiff's ankle while he was doing a walk-through in the prison. This led to a medical response within an hour. Overall, however, plaintiff claims that he has not received needed attention, in

3

spite of his multiple requests, while he has suffered in pain for days at a time.  The complaint asserts generally that the "medical staff" was "negligent" and "deliberately indifferent" to plaintiff's medical needs.  Doc. No. 3, p. 3.

Plaintiff names as defendants "USP Leavenworth Medical Staff" and Warden Hudson, the Warden of USP Leavenworth.  Plaintiff alleges that Warden Hudson is in charge of overseeing the administrative grievance process and that plaintiff's grievances have been mishandled or ignored.

Plaintiff asks for "[a]ppropriate, [a]dequate and [p]rofessional [m]edical [a]ttention immediately."  Doc. No. 3, p. 5.

III. Screening

A. USP Leavenworth Medical Staff

Naming the "USP Leavenworth Medical Staff" as a defendant is akin to stating that "defendants" collectively violated plaintiff's rights to medical care without stating who did what (or failed to take action), and without giving fair notice of what plaintiff's claims are.  Plaintiff may proceed against a party whose name is unknown as a "John Doe" or a "Jane Doe" if the complaint "'makes allegations specific enough to permit the identity of the party to be ascertained.'"  Perez v. Does 1-10, 931 F.3d 641, 646 (8th Cir. 2019)(quoting Estate of Rosenberg by Rosenberg v. Crandall, 56 F.3d 35, 37 (8th Cir. 1995)).  Here, it

is not sufficiently clear who on the medical staff plaintiff is suing, what he or she did or did not do, and what his or her position is.  This is inadequate to plead a plausible claim.  See Gray v. Weber, 244 Fed.Appx. 753, 754 (8th Cir. 2007)(dismissing claim against a prison's "medical staff" for refusing to help with plaintiff's injuries); Sullivan v. Medical Staff, 2021 WL 5447664 *2 (D.Neb. 11/22/2021)(directing the filing of an amended complaint where plaintiff sued unnamed defendants characterized as "medical staff").

Finally, the court notes that an allegation of "negligence" against an individual defendant is not sufficient to state a constitutional violation for ignoring or improperly treating plaintiff's medical needs.  See Mata v. Saiz, 427 F.3d 745, 751-52 (10th Cir. 2005).  Facts must be alleged which plausibly demonstrate deliberate indifference to serious medical needs.  Id. at 751.  This requires a showing that an official knew of and disregarded an excessive risk to an inmate's health and safety. Id.

B. Warden

The complaint does not make clear whether Warden Hudson is being sued in his individual capacity or official capacity.  An individual capacity claim against Warden Hudson would be in the

nature of the Bivens claim for damages.[2] Plaintiff, however, does not ask for damages in the complaint. Moreover, the complaint does not allege facts demonstrating the requirements for a constitutional tort, i.e., that Warden Hudson personally participated in a constitutional violation or that he had notice of one and deliberately chose not to correct it. See Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 768 (10th Cir. 2013); Arocho v. Nafziger, 367 Fed.Appx. 942, 955 (10th Cir. 2010). Warden Hudson may not be sued in his individual capacity merely because of his supervisory position. Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010).

Also, the Supreme Court has not approved of a Bivens action for failing to properly oversee an internal grievance process and has discouraged the extension of the Bivens remedy to new types of claims. See Hernandez v. Mesa, 140 S.Ct. 735, 742-43 (2020); Ziglar v. Abbasi, 137 S.Ct. 1843, 1863-65 (2017); Correctional Services Corp. v. Malesko, 534 U.S. 61, 66-70 (2001).

Although plaintiff does not allege that he is suing Warden Hudson in his official capacity, a suit for prospective injunctive relief relating to medical care would be a suit against Warden Hudson in his official capacity. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011); Clark v. Raemisch, 2016 WL 8710707

---

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

*7 n.2 (D. Colo. 2/26/2016); see also, <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1231-33 (10th Cir.2005).

IV. <u>Appointment of counsel</u>

Plaintiff seeks appointment of counsel. Doc. No. 3, p. 6. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" <u>Steffey v. Orman</u>, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the merits of the case are unclear, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

v. Conclusion

The complaint fails to state a claim of relief because it fails to adequately name or describe the "medical staff" plaintiff is suing.  Also, the complaint is unclear because it does not state whether plaintiff is suing Warden Hudson for damages in his individual capacity or for injunctive relief in his official capacity.  Plaintiff's request for appointment of counsel shall be denied at this time without prejudice to the request being raised again later.  The court shall grant plaintiff time until June 17, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 24th day of May 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge